1
2
3
4
5
6
7

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ELIJAH LEE JACKSON, | No.  2:21-CV-1814-KJM-DMC-P |
| Plaintiff, | |
| v. | <u>ORDER</u> |
| SACRAMENTO COUNTY JAIL, | |
| Defendant. | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the Court is Plaintiff's complaint, ECF No. 1.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  See 28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1), (2).  Moreover, the Federal Rules of Civil Procedure require that complaints contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  This means that claims must be stated simply, concisely, and directly.  See <u>McHenry v. Renne</u>, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it

1

1  rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because Plaintiff must allege

2  with at least some degree of particularity overt acts by specific defendants which support the

3  claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is

4  impossible for the Court to conduct the screening required by law when the allegations are vague

5  and conclusory.

6        A complaint must contain more than "a formulaic recitation of the elements of a

7  cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the

8  speculative level."  Bell Atl. Corp v. Twombly, 550 U.S. 544, 555-56 (2007).  The complaint

9  must contain "enough facts to state a claim to relief that is plausible on its face."  Id.  at 570.

10 "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a

11 sheer possibility that a defendant has acted unlawfully."  Ashcroft v. Iqbal, 556 U.S. 662, 678

12 (2009) (quoting Twombly, 550 U.S. at 556).  The mere possibility of misconduct will not suffice

13 to meet this standard.  See id. at 679.

14        "The Supreme Court has instructed the federal courts to liberally construe the

15 inartful pleading of pro se litigants. It is settled that the allegations of [a pro se litigant's

16 complaint] however inartfully pleaded are held to less stringent standards than formal pleadings

17 drafted by lawyers." See Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir. 1987) (citation and

18 internal quotation marks omitted; brackets in original). The rule, however, "applies only to a

19 plaintiff's factual allegations." See Neitzke v.Williams, 490 U.S. 319, 330 n.9 (1989). "'[A]

20 liberal interpretation of a civil rights complaint may not supply essential elements of the claim

21 that were not initially pled.'" See Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th

22 Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

23        In some cases, because pro se litigants often are unfamiliar with legal processes

24 and procedures, district courts in the Ninth Circuit have been willing to construe documents that

25 the litigants mischaracterize or submit using incorrect forms as having been properly named or

26 submitted.  See e.g., Cunningham v. Kramer, 178 F. Supp. 3d 999, 1002 (E.D. Cal. 2016)

27 (construing pro se litigant's "first amended complaint" as a motion for reconsideration as opposed

28 to an amended complaint).

2

1

## I. PLAINTIFF'S ALLEGATIONS

2       Here, Plaintiff did not submit his complaint on the Court's standard form for

3  prisoner civil rights cases.  See ECF No. 1.  Instead, Plaintiff submitted what appears to be a

4  complaint seeking relief on a Department of General Services Office of Risk and Insurance

5  Management Form, No. DS ORIM 006.  See id.  The Court will screen the document as if it was

6  a properly-filed complaint, given that pro se litigants are held to a less stringent standard in

7  formulating pleadings.

8       In Plaintiff's submission, Plaintiff names only the Sacramento County Jail as the

9  apparent Defendant.  See ECF No. 1, pg. 3.  Plaintiff seeks $66.6 million in damages based on his

10  claim of "spiritual damage."  Id.  According to Plaintiff, he "had a satanic bible sent to [him] and

11  it was denied" by Defendant.  Id.  Plaintiff adds that he hasn't been able to "read or pray because

12  [his] prayers and everything are in the satanic bible."  ECF No. 1, pg. 3.

13

14

## II. DISCUSSION

15       Plaintiff has named the Sacramento County Jail as the only defendant.  As

16  discussed below, the Court finds that Plaintiff's complaint fails to contain sufficient allegations to

17  sustain an action against a municipal entity.

18        Municipalities and other local government units are among those "persons" to

19  whom § 1983 liability applies. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690 (1978).

20  Counties and municipal government officials are also "persons" for purposes of § 1983. See id. at

21  691; see also Thompson v. City of Los Angeles, 885 F.2d 1439, 1443 (9th Cir. 1989). A local

22  government unit, however, may not be held responsible for the acts of its employees or officials

23  under a respondeat superior theory of liability. See Bd. of County Comm'rs v. Brown, 520 U.S.

24  397, 403 (1997). Thus, municipal liability must rest on the actions of the municipality, and not of

25  the actions of its employees or officers. See id. To assert municipal liability, therefore, the

26  plaintiff must allege that the constitutional deprivation complained of resulted from a policy or

27  custom of the municipality. See id.

28  / / /

In this instance, Plaintiff names only a county institution, the Sacramento County Jail, as a defendant.  Plaintiff has not, however, alleged any official policy or custom as the basis for any alleged violation of his civil rights.  Plaintiff will be provided an opportunity to amend.

## III.  CONCLUSION

Because it is possible that the deficiencies identified in this order may be cured by amending the complaint, Plaintiff is entitled to leave to amend prior to dismissal of the entire action.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).  Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).  Thus, following dismissal with leave to amend, all claims alleged in the original complaint which are not alleged in the amended complaint are waived.  See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), overruled on other grounds by Lacey v. Maricopa Cty., 693 F.3d 896 (9th Cir. 2012).  Therefore, if Plaintiff amends the complaint, the Court cannot refer to the prior pleading in order to make Plaintiff's amended complaint complete.  See Local Rule 220.

If Plaintiff chooses to amend the complaint, Plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how each named Defendant is involved, and must set forth some affirmative link or connection between each Defendant's actions and the claimed deprivation.  See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Further, if Plaintiff chooses to amend the complaint, then Plaintiff shall use the proper form or format in which to plead the amended allegations.

Finally, Plaintiff is warned that failure to file an amended complaint within the time provided in this order may be grounds for dismissal of this action.  See Ferdik, 963 F.2d at 1260-61; see also Local Rule 110.  Plaintiff is also warned that a complaint which fails to comply with Rule 8 may, in the Court's discretion, be dismissed with prejudice pursuant to Rule 41(b).  See Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).

4

1          Accordingly, IT IS HEREBY ORDERED that:

2                  1.      Plaintiff's complaint is dismissed with leave to amend; and

3                  2.      Plaintiff shall file a first amended complaint within 30 days of the date of

4   service of this order.

5

6   Dated:  November 14, 2022

7                                                      _____
                                                        DENNIS M. COTA
8                                                       UNITED STATES MAGISTRATE JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28