IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIJAH LEE JACKSON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SACRAMENTO COUNTY MAIN JAIL,<br><br>　　　　　Defendant. | No.  2:21-cv-1814-KJM-DMC-P<br><br><br>FINDINGS AND RECOMMENDATIONS |

　　　　Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the Court is Plaintiff's second amended complaint, ECF No. 18.

　　　　The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  See 28 U.S.C. § 1915A(a).  This provision also applies if the plaintiff was incarcerated at the time the action was initiated even if the litigant was subsequently released from custody.  See Olivas v. Nevada ex rel. Dep't of Corr., 856 F.3d 1281, 1282 (9th Cir. 2017).  The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1), (2).  Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is

1

entitled to relief." Fed. R. Civ. P. 8(a)(2).  This means that claims must be stated simply, concisely, and directly.  See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because Plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is impossible for the Court to conduct the screening required by law when the allegations are vague and conclusory.

## I. PLAINTIFF'S ALLEGATIONS

Here, Plaintiff submitted his second amended complaint on a state court form for complaints regarding personal injury, property damage, and wrongful death. See ECF No. 18. In Plaintiff's submission, Plaintiff names the Sacramento County Jail and Sheriff Scott Jones as the apparent Defendants. See id. Plaintiff's complaint does not, however, provide any facts regarding the claims. See id.

## II. DISCUSSION

On November 15, 2022, the Court issued an order screening Plaintiff's original complaint. See ECF No. 14. The Court determined that Plaintiff's complaint failed to contain sufficient allegations to sustain an action against a municipal entity. Plaintiff was provided an opportunity to file a first amended complaint alleging specific terms how each named Defendant is involved, setting forth an affirmative link or connection between each Defendant's actions and the claimed deprivation.

Plaintiff filed a first amended complaint on November 28, 2022. The Court issued an order screening Plaintiff's first amended complaint. See ECF No. 16. The Court concluded that Plaintiff's first amended complaint suffered several defects. See id. at 3. First, Plaintiff did not allege a municipal policy or custom that the Court could conclude a municipal entity liable. See id. Second, Plaintiff failed to allege a causal link between the unnamed Chaplain and a

1 constitutional violation. See id. Lastly, Plaintiff's claim regarding a denial of free exercise of
2 religion failed because the institution had a legitimate penological interest in not allowing inmates
3 to possess materials which advocate violence. See id.

4   Plaintiff's second amended complaint again suffers several defects, discussed in
5 more detail below.  First, Plaintiff has failed to provide a short and plain statement of the claim
6 showing Plaintiff is entitled to relief. Second, Plaintiff has not alleged a municipal policy or
7 custom such that the Court can conclude the Jail, a municipal entity, can be held liable. Third,
8 while Plaintiff asserts claims against the Sheriff Scott Jones, Plaintiff has not alleged a causal link
9 between a named individual and a constitutional violation.

10   **A.**  **Municipal Liability of the Jail**

11   Municipalities and other local government units are among those "persons" to
12 whom § 1983 liability applies. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690 (1978).
13 Counties and municipal government officials are also "persons" for purposes of § 1983. See id. at
14 691; see also Thompson v. City of Los Angeles, 885 F.2d 1439, 1443 (9th Cir. 1989). A local
15 government unit, however, may not be held responsible for the acts of its employees or officials
16 under a respondeat superior theory of liability. See Bd. of County Comm'rs v. Brown, 520 U.S.
17 397, 403 (1997). Thus, municipal liability must rest on the actions of the municipality, and not of
18 the actions of its employees or officers. See id. To assert municipal liability, therefore, the
19 plaintiff must allege that the constitutional deprivation complained of resulted from a policy or
20 custom of the municipality. See id.

21   In this instance, Plaintiff names a county institution, the Sacramento County Jail,
22 as a defendant. Plaintiff has not, however, alleged any official policy or custom as the basis for
23 any alleged violation of his civil rights.

24   **B.**  **Causal Link to Sheriff Scott Jones**

25   To state a claim under 42 U.S.C. § 1983, the plaintiff must allege an actual
26 connection or link between the actions of the named defendants and the alleged deprivations.  See
27 Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A
28 person 'subjects' another to the deprivation of a constitutional right, within the meaning of

§ 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).  Rather, the plaintiff must set forth specific facts as to each individual defendant's causal role in the alleged constitutional deprivation.  See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

Here, Plaintiff names Sheriff Scott Jones as a defendant, however the amended complaint fails to provide any facts showing Defendant Jones acts caused the alleged deprivation. As such, Plaintiff has not established a causal link between an individual and a constitutional violation.

### C.  **Failure to State a Claim**

A complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atl. Corp v. Twombly, 550 U.S. 544, 555-56 (2007).  The complaint must contain "enough facts to state a claim to relief that is plausible on its face." Id. at 570. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 556).  The mere possibility of misconduct will not suffice to meet this standard.  See id. at 679.

"The Supreme Court has instructed the federal courts to liberally construe the inartful pleading of pro se litigants. It is settled that the allegations of [a pro se litigant's complaint] however inartfully pleaded are held to less stringent standards than formal pleadings drafted by lawyers." See Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir. 1987) (citation and internal quotation marks omitted; brackets in original). The rule, however, "applies only to a plaintiff's factual allegations." See Neitzke v. Williams, 490 U.S. 319, 330 n.9 (1989). "'[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" See Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th

Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

Here, Plaintiff filed a complaint on a state court standard form identifying Sacramento County Jail and Sheriff Scott Jones as defendants. Plaintiff seeks $66.6 million in damages based on his claim of spiritual damages. Plaintiff's claim does not contain enough facts to state a claim for relief.

### III.  CONCLUSION

In light of the Court's previous orders, the Court recommended that Plaintiff be granted one final leave to remedy the defects in the pleading before the court. Absent correction of the deficiencies identified herein, no further leave to amend should be permitted, and the entire action should then be subject to dismissal.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  May 13, 2024

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE