IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIJAH LEE JACKSON, | No. 2:21-CV-1814-KJM-DMC-P |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| SACRAMENTO COUNTY MAIN JAIL, | |
| Defendant. | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's third amended complaint. See ECF No. 23.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the

complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because Plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is impossible for the Court to conduct the screening required by law when the allegations are vague and conclusory.

In the third amended complaint, Plaintiff alleges that the Chaplain at the Sacramento County Mail Jail violated his constitutional rights by denying him religious materials, specifically the Satanic Bible.  See ECF No. 23.  According to Plaintiff, if Christians and Muslims are permitted their religious texts, he should also be permitted to possess the Satanic Bible.

"The right to exercise religious practices and beliefs does not terminate at the prison door[,]" McElyea v. Babbitt, 833 F.2d 196, 197 (9th Cir.1987) (citing O'Lone v. Estate of Shabazz, 482 U.S. 342, 348 (1987)), but a prisoner's right to free exercise of religion "is necessarily limited by the fact of incarceration," Ward v. Walsh, 1 F.3d 873, 876 (9th Cir. 1993) (citing O'Lone, 482 U.S. at 348). A person asserting a free exercise claim must show that the government action in question substantially burdens the person's practice of his religion. Graham v. C.I.R., 822 F.2d 844, 851 (9th Cir.1987), aff'd sub nom. Hernandez v. C.I.R., 490 U.S. 680, 699 (1989). "A substantial burden . . . place[s] more than an inconvenience on religious exercise; it must have a tendency to coerce individuals into acting contrary to their religious beliefs or exert substantial pressure on an adherent to modify his behavior and to violate his beliefs." Ohno v. Yasuma, 723 F.3d 984, 1011 (9th Cir. 2013) (quoting Guru Nanak Sikh Soc'y of Yuba City v. Cnty. of Sutter, 456 F.3d 978, 988 (9th Cir. 2006) (internal quotation marks and alterations omitted)).

Plaintiff does not specify in what way denial of a Satanic Bible burdens his ability to practice his religion, nor has he done so through any of the prior pleadings filed in this case. Plaintiff merely states that because other religions are allowed to have books in the jail, he should be allowed to have access to a Satanic Bible.  Because Plaintiff has not shown "more than an

inconvenience" to the exercise of his religion, he fails to state a cognizable First Amendment claim. See Ohno, 723 F.3d at 1011; see also Barra v. Wilson, et al., Eastern Dist. Cal. case no. 2:24-cv-0069-KES-HBK (dismissing case on same allegations).

Because it does not appear possible that the deficiencies identified herein can be cured by amending the complaint, Plaintiff is not entitled to leave to amend prior to dismissal of the entire action. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).

Based on the foregoing, the undersigned recommends that this action be dismissed for failure to state a claim.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  August 26, 2024

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE