UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Elijah Lee Jackson, | No. 2:21-cv-1814-KJM-DMC-P |
| Plaintiff, | ORDER |
| v. | |
| Sacramento County Main Jail, | |
| Defendant. | |

Plaintiff, a prisoner proceeding *pro se*, brings this civil rights action under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge as provided by Eastern District of California local rules.

On August 26, 2024, the Magistrate Judge filed findings and recommendations, which were served on the parties, and which contained notice that the parties may file objections within the time specified therein. Findings & Recommendations, ECF No. 25. Plaintiff filed timely objections to the findings and recommendations. Obj., ECF No. 26.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a *de novo* review of this case. Having reviewed the file, the court finds the finding and recommendations do not apply the correct legal standard.

Under the Free Exercise Clause of the First Amendment, incarcerated individuals retain their religious freedom while incarcerated, subject to limitations "aris[ing] both from the fact of

1

incarceration and from valid penological objectives." *Fuqua v. Raak*, 120 F.4th 1346, 1352 (9th Cir. 2024) (citing *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 348 (1987); *Walker v. Beard*, 789 F.3d 1125, 1138 (9th Cir. 2015)).  To assert a Free Exercise claim, an incarcerated individual must show he has a sincerely held religious belief that was impinged upon by government action. *Id.* (citing *Jones v. Slade*, 23 F.4th 1124, 1144 (9th Cir. 2022); *Walker*, 789 F.3d at 1138).  After this initial showing, the "burden shifts to the [defendant] to show that the regulation is reasonably related to legitimate penological interests." *Jones*, 23 F.4th at 1144 (internal citation omitted). To determine if a defendant has made this showing, the court considers the factors set forth in *Turner v. Safley*, 482 U.S. 78 (1987): (1) whether there is a valid, rational connection between a state interest and the prison regulation; (2) whether prisoners have an alternative method of engaging in religious practice; (3) the impact accommodation of the asserted constitutional right would have on guards and other inmates; and (4) the absence of ready alternatives to the challenged regulation.

  The applicable standard, therefore, calls for an analysis of the plaintiff's beliefs to determine if they are sincerely held, to be followed by an analysis of the *Turner* factors if appropriate.

  Accordingly, the court declines to adopt the findings and recommendations, ECF No. 25, and this matter is remanded to the magistrate judge for screening under the applicable standard described herein.

  IT IS SO ORDERED.

DATED:  January 22, 2025.

UNITED STATES DISTRICT JUDGE