IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIJAH LEE JACKSON,<br><br>    Plaintiff,<br><br>    v.<br><br>ANTHONY BELL,<br><br>    Defendant. | No. 2:21-CV-1814-KJM-DMC-P<br><br>FINDINGS AND RECOMMENDATIONS |

        Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Defendant's unopposed motion to dismiss. See ECF No. 34.

        In considering a motion to dismiss, the Court must accept all allegations of material fact in the complaint as true. See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). The Court must also construe the alleged facts in the light most favorable to the plaintiff. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); see also Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976); Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam). All ambiguities or doubts must also be resolved in the plaintiff's favor. See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969). However, legally conclusory statements, not supported by actual factual allegations, need not be accepted. See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009). In addition, pro se pleadings are held to a less stringent standard than those drafted by lawyers.

See Haines v. Kerner, 404 U.S. 519, 520 (1972).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  However, in order to survive dismissal for failure to state a claim under Rule 12(b)(6), a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. at 555-56.  The complaint must contain "enough facts to state a claim to relief that is plausible on its face." Id. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949.  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (quoting Twombly, 550 U.S. at 556).  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility for entitlement to relief." Id. (quoting Twombly, 550 U.S. at 557).

In deciding a Rule 12(b)(6) motion, the Court generally may not consider materials outside the complaint and pleadings. See Cooper v. Pickett, 137 F.3d 616, 622 (9th Cir. 1998); Branch v. Tunnell, 14 F.3d 449, 453 (9th Cir. 1994).  The Court may, however, consider: (1) documents whose contents are alleged in or attached to the complaint and whose authenticity no party questions, see Branch, 14 F.3d at 454; (2) documents whose authenticity is not in question, and upon which the complaint necessarily relies, but which are not attached to the complaint, see Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001); and (3) documents and materials of which the court may take judicial notice, see Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir. 1994).

Finally, leave to amend must be granted "[u]nless it is absolutely clear that no amendment can cure the defects." Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam); see also Lopez v. Smith, 203 F.3d 1122, 1126 (9th Cir. 2000) (en banc).

## I. PLAINTIFF'S ALLEGATIONS

This action currently proceeds on Plaintiff's third amended complaint against Defendant Anthony Bell, the Chaplain at the Sacramento County Main Jail. See ECF No. 23. Plaintiff alleges:

> . . .Chaplain/Director of Ministries Anthony Bell denied me my religious materials based on something said in the Satanic Bible I want and need. "If a man smite thee on one cheek, smash him on the other." "If your courtesy is not returned, they should be treated with the wrath they deserve." I do understand how that sounds, but the holy bible says, "There is a time to kill." On top of that, the first and second recorded act of genocide was by God not Satan. Not one time in the holy bible did Satan be accused or mention in any book in the holy bible of killing more then [sic] 6 to 10 people. So all that promoting violence is only a [sic] opinion and not a fact. The only time Satan killed is when God was testing the faith of his followers which means God asked Satan to do something violent. Lt. S. Fisher was the one that came to an agreement to refuse my Satanic Bible do [sic] to those few words/opinions said above. Lt. S. Fisher badge #106 signed the grievance along with Sgt. B. badge #201.
>
> My rights have been violated do [sic] to the fact that my religious needs are not being met or respected in any way. Christians and Muslims are getting all the religious material they need and Muslims are still till [sic] this day killing innocent people and people for being gay, but you still give them Qurans. I should not be denied my religious materials based on the fact of words because there had been very few if any serial killers. The majority of violence going on in the world now has nothing to do with my religion and that's why I'm sueing [sic] the Sacramento County Jail. The simple fact of being denied because of my religion or religious belief is a violation of Freedom to Exercise my religion.

ECF No. 23.

## II. DISCUSSION

In his unopposed motion to dismiss, Defendant argues that the third amended complaint must be dismissed because Plaintiff fails to allege facts to support a free exercise claim. See ECF No. 34-1.

Under the Free Exercise Clause of the First Amendment, incarcerated individuals retain their religious freedom while incarcerated, subject to limitations "aris[ing] both from the fact of incarceration and from valid penological objectives." Fuqua v. Raak, 120 F.4th 1346, 1352 (9th Cir. 2024) (citing O'Lone v. Estate of Shabazz, 482 U.S. 342, 348 (1987)); Walker v. Beard, 789 F.3d 1125, 1138 (9th Cir. 2015). To assert a Free Exercise claim, an incarcerated

1  individual must show he has a sincerely held religious belief that was impinged upon by

2  government action.  See id. (citing Jones v. Slade, 23 F.4th 1124, 1144 (9th Cir. 2022), and

3  Walker, 789 F.3d at 1138).  To show a substantial burden on the practice of religion, the prisoner

4  must demonstrate that prison officials' conduct ". . . burdens the adherent's practice of his or her

5  religion by pressuring him or her to commit an act forbidden by the religion or by preventing him

6  or her from engaging in conduct or having a religious experience which the faith mandates."

7  Graham v. Commissioner, 822 F.2d 844, 850-51 (9th Cir. 1987); see also Jones v. Williams, 791

8  F.3d 1023, 1031-32 (9th Cir. 2015).  The burden must be more than a mere inconvenience.  See

9  Graham, 822 F.3d at 851; see also Ohno v. Yasuma, 723 F. 3d 984, 1011 (9th Cir. 2013).  After

10  the plaintiff makes this initial showing, the "burden shifts to the [defendant] to show that the

11  regulation is reasonably related to legitimate penological interests."  Jones, 23 F.4th at 1144

12  (internal citation omitted).

13  Defendant argues that Plaintiff's allegations fail to establish that Plaintiff had a

14  sincerely held religious belief or that any such belief was substantially burdened.  See ECF No.

15  34-1, pgs. 3-4.  According to Defendant:

> Here, Plaintiff has failed to state facts to support a free exercise claim. Plaintiff does not allege that he had a sincerely held religious belief. He does not allege that he is a practicing member of the Satanic Temple or the Church of Satan. Even assuming *arguendo* Plaintiff does have a sincerely held religious belief, the TAC is silent as to how the denial of a Satanic bible burdened his ability to practice his religion. The TAC does not contain any factual allegations of how the denial of a Satanic bible either coerced him into practicing his religion differently, or how it may have exerted substantial pressure on him to modify his religious behavior. *Ohno*, 723 F.3d at 1011. Plaintiff merely states that because other religions, like Christians and Muslims are allowed to have the Bible and Quran in prison, he should be allowed to have a Satanic bible as well. (ECF No. 23, p. 2). "Because Plaintiff has not shown 'more than an inconvenience' to the exercise of his religion, he fails to state a cognizable First Amendment claim." *Barra v. Boudreaux1*, 2025 U.S. Dist. LEXIS 35719, at *5 (E.D. Cal. Feb. 27, 2025) (internal citations omitted) (adopted in full at *Barra v. Boudreaux*, 2025 U.S. Dist. LEXIS 61470, at *2 (E.D. Cal. March 30, 2025).

ECF No. 34-1, pg. 4.

27  ///

28  ///

4

Defendant's argument is not persuasive. While the third amended complaint is indeed thin on specific factual allegations, construing the complaint liberally, as the Court must, it is reasonable to infer from Plaintiff's allegation that his religious needs are not being met that Plaintiff is an adherent of Satanism, that Plaintiff's religious belief is sincere, and that the practice of his religion was burdened by denial of the Satanic Bible. To the extent facts are developed through discovery that show otherwise, or the facts reveal that denial of a Satanic Bible served a legitimate penological purpose, Defendant may present such facts to the Court in the context of a motion for summary judgment or at the time of trial. At this stage of the litigation, the Court finds the allegations in the third amended complaint are sufficient to proceed past the pleadings.

### III. CONCLUSION

Based on the foregoing, the undersigned recommends that Defendant's unopposed motion to dismiss, ECF No. 34, be denied and that Defendant be directed to file an answer to Plaintiff's third amended complaint.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: September 17, 2025

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

5